UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-21868-GAYLES

MOVIMIENTO DEMOCRACIA, INC.,
*et al.*,

      Plaintiffs,

vs.

JEH CHARLES JOHNSON, Secretary,
Department of Homeland Security, *et al.*,

      Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court following the Status Conference held on June 30, 2016. Plaintiffs request limited discovery for further development of the record.[1] They also request a final hearing to be set in two months. Defendants argue that discovery is not warranted in this case and that a hearing is unnecessary.

The Administrative Procedure Act ("APA") provides for judicial review of final agency action: "the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706. The statute further authorizes the Court to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2)(A). In undertaking this review, "the court

---

[1] While the Court takes note of the seriousness of allegations of Coast Guard misconduct raised at the Status Conference, the Coast Guard has indicated that it is in the process of conducting an internal investigation. Nonetheless, any legal ramifications of Coast Guard misconduct fall outside the scope of the instant lawsuit and, accordingly, have no bearing on the Court's review of the administrative decision regarding Plaintiffs' arrival on the American Shoal Lighthouse on May 20, 2016.

shall review the whole record or those parts of it cited by a party." *Id.* § 706. "In applying the [APA standard], the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). "The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). "Moreover, a formal hearing before the agency is in no way necessary to the compilation of an agency record." *Id.* "The APA specifically contemplates judicial review on the basis of the agency record compiled in the course of informal agency action in which a hearing has not occurred." *Id.* "The factfinding capacity of the district court is thus typically unnecessary to judicial review of agency decisionmaking." *Id.*

Plaintiffs have cited no authority under the Immigration and Nationality Act or the APA that entitles them to discovery or to a trial before this Court in this matter. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' request for discovery is **DENIED**. The parties shall file any **motions for summary judgment** on or before **August 1, 2016**. The parties shall file their **responses** on or before **August 15, 2016**, and **replies** thereto on or before **August 22, 2016**. The Court will order a hearing on the motions if deemed necessary.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of July, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge Turnoff
       All Counsel of Record

2