UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-21868-GAYLES

**MOVIMIENTO DEMOCRACIA, INC.**, *et al.*,

    Plaintiffs,

vs.

**JEH CHARLES JOHNSON**, Secretary, Department of Homeland Security, *et al.*,

    Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion for Summary Judgment [ECF No. 33] and Plaintiffs' Motion to Treat Order Denying Preliminary Injunction (DE25) as Final Order in Lieu of Filing Motion for Summary Judgment [ECF No. 35]. The court has reviewed the motions, Defendants' Response [ECF No. 36], the record, and the applicable law. For the reasons that follow, the Court grants the parties' motions.

I.    **BACKGROUND**

The background of this case is set out extensively in the Court's Order denying Plaintiffs' motion for preliminary injunction, *Movimiento Democracia, Inc. v. Johnson*, — F. Supp. 3d —, 2016 WL 3522179, at *1 (S.D. Fla. June 28, 2016) [ECF No 25]. The principal plaintiffs in the case are Cuban migrants ("Migrant Plaintiffs") who temporarily found sanctuary on the American Shoal Lighthouse off the coast of the Florida Keys on May 20 and 21, 2016. Together with certain family members ("Family Plaintiffs") and a non-profit corporation under the name Movimiento Democracia, Inc., the Migrant Plaintiffs seek declaratory and injunctive relief such

that they be declared to have reached dry land of the United States as Cuban refugees pursuant to U.S. immigration law.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Migrant Plaintiffs argue that they have been denied their constitutional due process and equal protection rights under the Fifth Amendment of the Constitution. The Court also has jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.* ("APA"), to review "final agency action for which there is no other adequate remedy in a court." *See* 5 U.S.C. § 704. The APA authorizes the Court to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2)(A). In undertaking this review, "the court shall review the whole record or those parts of it cited by a party." *Id.* § 706. Here, the Court has reviewed the administrative record provided by Defendants. [ECF No. 12-1].

The Court previously denied Plaintiffs' request for a preliminary injunction on June 28, 2016, finding that Plaintiffs failed to demonstrate a substantial likelihood of success on the merits. *Movimiento Democracia*, 2016 WL 3522179, at *16. As the issues in this case have been well briefed and litigated, the parties have agreed to treat the Court's Order Denying Preliminary Injunction as the Final Order in this matter.

**II.     LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "[T]he plain language of Rule 56[a] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

A "genuine" issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004) (citations omitted). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

### III. ANALYSIS

#### A. Standing

The Court's first obligation is to examine its own jurisdiction, including the standing of the parties. *Bischoff v. Osceola Cty., Fla.*, 222 F.3d 874, 877–78 (11th Cir. 2000) (citations omitted). "[E]very federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based; and this obligation on the court to examine its own jurisdiction continues at each stage

of the proceedings." *Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 759 (11th Cir. 1991). "The party invoking federal jurisdiction bears the burden of proving standing." *Bischoff*, 222 F.3d at 878.

The Court adopts its previous analysis regarding Plaintiffs' standing to bring this case. *Movimiento Democracia*, 2016 WL 3522179, at *6–8. The Court finds that the Family Plaintiffs have next friend standing under *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990), and the cases interpreting *Whitmore*, because the Migrant Plaintiffs lack sufficient access to the Court, their counsel, and the Family Plaintiffs,[1] and because the Family Plaintiffs have demonstrated a significant relationship with, and dedication to the best interests of, the Migrant Plaintiffs in the current litigation. *See Movimiento Democracia*, 2016 WL 3522179, at *6–7. However, the Court finds that Movimiento Democracia, Inc., does not have organizational, associational, or next friend standing. *See id.* at *7–8. Accordingly, Movimiento Democracia, Inc., is dismissed as a Plaintiff for lack of subject matter jurisdiction.

### B. <u>Merits</u>

Plaintiffs submit that the Court's Order denying their motion for preliminary injunction "resolves the material issues in this case suitable for entry of a Final Judgment." [ECF No. 35 at 1]. In Defendants' Response to Plaintiffs' Motion, Defendants have indicated that they do not object to the Court's entry of Final Judgment in their favor pursuant to the Court's detailed analysis of the Administrative Record in the Order denying Plaintiffs' motion for preliminary injunction. [ECF No. 36 at 1–2].

---

[1] Following the Court's denial of Plaintiffs' motion for preliminary injunction, twenty of the Migrant Plaintiffs were taken to the Naval Base at Guantanamo Bay, Cuba, for further evaluation and screening. The remaining four Migrant Plaintiffs were to be repatriated to Cuba. [ECF No. 27 at 1]. The Court subsequently denied Plaintiffs' ore tenus motion for access to counsel, finding that there was "no constitutional or statutory basis for compelling the government to grant attorneys access to Plaintiffs" and that "[a]ny attorney access will necessarily occur because of a voluntary decision by the Secretary of the Department of Homeland Security or the Attorney General." [ECF No 32].

For the reasons previously stated by the Court, *Movimiento Democracia*, 2016 WL 3522179, at *8–11, the Coast Guard's determination that the Migrant Plaintiffs did not reach dry land of the United States by their presence on the American Shoal Lighthouse was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" under 5 U.S.C. § 706(2)(A). *See* [ECF No. 25 at 18–26]. Likewise, for the reasons previously stated by the Court, *Movimiento Democracia*, 2016 WL 3522179, at *12–15, Plaintiffs have not been deprived of any constitutional rights to which they were entitled. [ECF No. 25 at 26–35].

## IV.   CONCLUSION

Because the Court finds that the parties have not raised any new issues not already considered by the Court in its previous Order from June 28, 2016, denying Plaintiffs' motion for preliminary injunction [ECF No. 25], the Court finds that Defendants are entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56(a). It is therefore

**ORDERED AND ADJUDGED** that

1. The parties' motions **[ECF Nos. 33 & 35]** are **GRANTED**.

2. Plaintiff Movimiento Democracia, Inc., is **DISMISSED** for lack of standing.

3. Pursuant to Federal Rule of Civil Procedure 58(a), judgment shall be entered for Defendants and against Plaintiffs in a separate document.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of September, 2016.

                                                DARRIN P. GAYLES
                                                UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record